### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

**vs.**

5:08cr1-RS

**SAMUEL LEE ROBINSON, Jr.**

_____/

### PLEA AND COOPERATION AGREEMENT

#### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between **SAMUEL LEE ROBINSON, Jr.**, Charles W. Lammers, Esq., attorney for **SAMUEL LEE ROBINSON, Jr.**, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against **SAMUEL LEE ROBINSON, Jr.**.

#### 2. TERMS

The parties agree to the following terms:

a. **SAMUEL LEE ROBINSON, Jr.** will plead guilty to Counts One and Two of the Indictment. On Count One, defendant faces a maximum term of ten years imprisonment, a fine of up to $250,000, a maximum three year term of supervisory release, a $100 Special Monetary Assessment, and forfeiture of his interest in the firearm. On Count Two,

defendant faces a mandatory minimum term of ten years imprisonment, a maximum term of life years imprisonment, a fine of up to $4,000,000, a minimum eight year term of supervisory release, a $100 Special Monetary Assessment, and forfeiture of all forfeitable assets.

 b. Defendant is pleading guilty because **SAMUEL LEE ROBINSON, Jr.** is in fact guilty of the charge contained in Counts One and Two. In pleading guilty to these offenses, defendant acknowledges that were this case to go to trial, the government could present evidence to support these charges beyond a reasonable doubt. Defendant also admits that he has one or more final convictions for a felony drug offense, as set out in the government's Information and Notice of Intent.

 c. Upon the District Court's adjudication of guilt of **SAMUEL LEE ROBINSON, Jr.** for violations of 21 U.S.C. §841 and 18 U.S.C. §922(g), the United States Attorney, Northern District of Florida, will not file any further criminal charges against **SAMUEL LEE ROBINSON, Jr.** arising out of the same transactions or occurrences to which **SAMUEL LEE ROBINSON, Jr.** has pled.

 d. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement. Should the defendant be charged with any offense alleged to have occurred after entry into this agreement, any statements, information or other evidence disclosed to the Government during the defendant's cooperation may be used against **SAMUEL LEE ROBINSON, Jr.** in any such prosecution.

 e. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines

2

and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any statutory mandatory minimum sentence.

f. The parties reserve the right to advise the District Court and any other authorities of their positions concerning the commission of the offenses by **SAMUEL LEE ROBINSON, Jr.**, including factual findings relating to sentencing, the application of the Sentencing Guidelines and other sentencing provisions, sentencing recommendations, and whether departure upward or downward is appropriate.

g. **SAMUEL LEE ROBINSON, Jr.** agrees to cooperate fully and truthfully with the United States Attorney and his designated representatives and with agencies identified by the United States Attorney. Such cooperation shall include but is not limited to providing complete and truthful debriefings and testimony at grand jury, trial, and as otherwise requested, involving any matter under investigation.

h. **SAMUEL LEE ROBINSON, Jr.** specifically waives any Fifth Amendment privilege and any other privilege inconsistent with the cooperation required by this agreement.

I. Defendant and his attorney agree to allow Defendant to be interviewed as part of his cooperation under this agreement by the government or its state and/or local designees without prior notice or the presence of counsel, to include testimony in all necessary proceedings related to the information provided as part of the Defendant's cooperation.

j. If all terms and conditions of this agreement are satisfied and there exists no cause for revocation as outlined in Section 3, any statements made by **SAMUEL LEE ROBINSON, Jr.** pursuant to this agreement will be treated by the United States as given under Rule 11(f), Federal Rules of Criminal Procedure, Rule 410, Federal Rules of Evidence and Sentencing Guideline Section 1B1.8.

k. The United States Attorney agrees to make known his opinion as to the nature and extent of the defendant's cooperation.

## 3. REVOCATION

a. The parties agree that the United States Attorney may revoke this agreement upon showing, by a preponderance of the evidence, any of the following:

1. that defendant has refused to cooperate as required by this agreement;

2. that defendant's statements or testimony has been untruthful or incomplete;

3. that defendant has failed to comply with any of the terms of this agreement;

4. that defendant has any criminal liability for homicide; or

5. that defendant has engaged in further criminal conduct after entering into this agreement.

b. If this agreement is revoked,

1. The pleas of guilty entered by **SAMUEL LEE ROBINSON, Jr.** pursuant to this agreement and any judgment entered thereon shall remain in full force and effect and will not be the subject of legal challenge by the defendant.

2. The United States may file charges without limitation by this agreement.

3. All statements, information and other evidence provided by **SAMUEL LEE ROBINSON, Jr.** pursuant to this agreement or under Rule 11, Federal Rules of Criminal Procedure, may be used against the defendant in any proceeding in this or any other action.

4. The defendant, regardless of cooperation, and at the sole discretion of the United States Attorney, may be deemed not to have provided substantial assistance.

## 4. SENTENCING

a. If, in the sole discretion of the United States Attorney, **SAMUEL LEE ROBINSON, Jr.** is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if **SAMUEL LEE ROBINSON, Jr.** has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of defendant's cooperation. Should a substantial assistance motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.

b. Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence may not be subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentence greater than anticipated shall not be grounds for withdrawal of defendant's plea.

c. The parties reserve the right to appeal any sentences imposed.

## 5. FORFEITURE

a. Prior to sentencing, the defendant shall accurately and completely identify every asset which is either owned by the defendant or is under the defendant's control. All property shall be identified, whether forfeitable or not.

b. Defendant agrees to fully and truthfully disclose all facts which could tend to make any interest which defendant owns or controls in property forfeitable under the laws of any

jurisdiction, including property which may be forfeitable as substitute assets.

c. Defendant agrees to forfeit all forfeitable assets to the United States or to agencies designated by the United States. Defendant shall take all steps necessary to transfer forfeitable assets to the United States, including but not limited to executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing persons holding property on the defendant's behalf to transfer such property to the United States. These transfers shall be completed prior to sentencing.

d. At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and **SAMUEL LEE ROBINSON, Jr.**, and **SAMUEL LEE ROBINSON, Jr.** enters this agreement knowingly, voluntarily and upon advice of counsel.

CHARLES W. LAMMERS, Esq.
Attorney for Defendant

2o FEB oY
Date

**SAMUEL LEE ROBINSON, Jr.**
Defendant

2/20/08
Date

GREGORY R. MILLER
United States Attorney

MICHAEL T. SIMPSON
Florida Bar No. 254339
Assistant U.S. Attorney
Northern District of Florida
111 North Adams St., 4th Floor
Tallahassee, FL 23301
(850) 942-8430

2/20/06
Date