# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

**vs.**                                                    **CASE NO: 5:08cr01-TKW-MAF**

**SAMUEL LEE ROBINSON, JR.,**

       **Defendant.**

_____/

## ORDER OF DETENTION
## PENDING REVOCATION HEARING

The United States has moved pursuant to the Bail Reform Act that Defendant be detained pending a hearing on the petition to revoke Defendant's term of supervised release, ECF No. 43.  Rule 32.1(a)(6) provides that Defendant has the burden of establishing by clear and convincing evidence that he "will not flee or pose a danger to any other person or to the community . . . ."  FED. R. CRIM. P. 32.1(a)(6).  After a hearing held this day, the following findings are made:

1.  There is probable cause to believe that Defendant committed the violations of supervised release conditions as alleged in the petition, ECF NO. 30.  FED. R. CRIM. P. 32.1(b)(1).

2.  Defendant was initially sentenced to a 75 month term of imprisonment for possession of a firearm by a convicted felon (Count I) and possession with intent to distribute a mixture and substance containing cocaine and more than 5 grams of a mixture and substance containing cocaine base (Count II).  ECF No. 28.  Defendant was also sentenced to a three year term of supervised release on Count I to be served concurrently with an eight year term on Count II.  *Id.* at 3.  Defendant began serving his term of supervised release on August 2, 2013.  ECF No. 90.

3.  A petition was filed on March 4, 2014, advising that Defendant had been arrested in Henry County, Alabama, on September 20, 2013, and was charged with possession of marijuana in the second degree.  ECF No. 30 at 1.  That arrest was only seven weeks after his release from prison.

4.  Defendant was arrested a second time on January 3, 2014, in Jackson County, Florida, and charged with felon in possession of a firearm. ECF No. 30 at 1.  That arrest was five months after Defendant's release.

5.  Moreover, Defendant was arrested a third time on February 14, 2014, in Jackson County, Florida, and charged with five more crimes including possession of cocaine with intent to sell, possession of cocaine with intent to distribute, possession of marijuana less than 20 grams, and the sale of cocaine.

6.  In addition to those charges, Defendant submitted a urine specimen on September 16, 2013, which tested positive for marijuana.

7.  Defendant was convicted on the state charges and sentenced to 120-months in prison.  ECF No. 36.  Following his release, Defendant had a first appearance in this Court on August 25, 2022.  ECF No. 38.  An Order of temporary detention was entered, ECF No. 44, and Defendant appeared today for a detention hearing.

8.  Defendant requested that he be permitted to reside with his mother until the revocation hearing which will be held on September 22, 2022.  Defendant advised that he could work in his father's business and a witness testified on his behalf who stated that Defendant could be counted on to appear for his revocation hearing.  Defendant has strong family ties and the support of his family.  It also appears that Defendant took advantage of the time spent in the Florida Department of Corrections and engaged in many self-betterment programs.  ECF No. 36.  Defendant said that he was DR free during his incarceration, worked several jobs such as an inmate barber, and completed substance abuse and parenting courses. *Id.*  He is also participating in a vocational course through Tallahassee Community College and seeks to enroll in an apprenticeship program.  *Id.*  By all accounts, he did well under the supervision of prison officials.

9.  Defendant has not, however, done well during the limited period of time he has not been incarcerated.  His history demonstrates he quickly returns to criminal activity, even after serving a lengthy period of incarceration in federal prison.  Defendant was not compliant with the terms of his supervised release.  In light of the circumstances, the Court lacks confidence that Defendant would refrain from criminal activity if he were released pending the revocation hearing.

10.  Thus, Defendant has not established by clear and convincing evidence that any condition or combination of conditions will reasonably assure the safety of the community.  The motion for detention is **Granted**.

Accordingly, it is **ORDERED** that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person

in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** on August 29, 2022.

**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**